UNITED STATES OF AMERICA, FOR THE USE OF FRANK A.
JOHNSON, APPELLEE, V. BERNHARDT J. JOBST ET AL.,
APPELLANTS.

FILED MARCH 5, 1908. No. 15,109.

Master and Servant: CONTRACT OF EMPLOYMENT: ESTOPPEL. One G. A.
Johnson made a contract with B. J. Jobst to do the work of paint-
ing, oiling and varnishing required on certain buildings which
Jobst had contracted to erect for the federal government. G. A.
Johnson employed the plaintiff, Frank A. Johnson, as a painter to
work on the job, and during part of the time plaintiff was so
employed he acted as foreman for G. A. Johnson, and kept and
reported the time of the other employees, as well as his own,
to the principle contractor, Jobst, who had agreed with the sub-
contractor to advance money to pay the painters at the rate of
40 cents an hour. Plaintiff reported his own time at 40 cents
an hour, and Jobst advanced money to pay him at that rate.
Held, That under the circumstances, and from the fact that
plaintiff informed Jobst that he had not been paid in full when
he quit the work, and the further fact that there was evidence
tending to show that Jobst had himself paid the plaintiff on one
or more occasions at the rate of $25 a week, plaintiff was not
estopped to claim that his contract with G. A. Johnson was for
wages at that rate.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. Affirmed.

*Gurley, Crawford & Woodrough,* for appellants.

*Baldrige & De Bord,* contra.

DUFFIE, C.

This action was brought under the act of congress of
August 13, 1894 (28 U. S. St. at Large, p. 278, ch. 280),
which gives a right of action upon a contractor's bond to
laborers and material men who have supplied labor or
material to contractors on federal buildings. The plain-
tiff in his petition claims that he worked as a painter upon
a federal building for which J. B. Jobst was the con-

tractor and the National Surety Company was bondsman. His petition contains the following allegation: "The particular work performed by said Frank A. Johnson was in the painting of the said several buildings. A statement of the time and of the reasonable value and agreed price of the labor so furnished is shown by 'Exhibit D,' which is attached hereto and made a part of the petition." Exhibit D is as follows: "Statement of labor furnished by Frank A. Johnson in painting the buildings at Fort McKenzie, under the contract of Bernhardt J. Jobst, for the United States of America. October 2, 1903, to June 3, 1904, $658.35; paid on account of said labor, $196.05; balance due, $462.30." The pleadings and the evidence establish without controversy that Jobst was the principal contractor for the erection of several buildings for the United States government at Fort McKenzie, Wyoming; that one G. A. Johnson subcontracted the work of painting, oiling and varnishing the buildings, and that Frank A. Johnson was employed by said G. A. Johnson as a painter in the performance of this contract with Jobst. The plaintiff claims that he was to receive $25 a week for his services; the contention of the defendants, in which they are supported by G. A. Johnson, being that plaintiff was to receive 40 cents an hour for the time he was actually employed on the work, and his board bill to the extent of $5 a week, and that he had been paid in full for his services. The jury returned a verdict in favor of the plaintiff for the full amount of his claim; but the court, in passing on the motion for a new trial, required the plaintiff to remit the sum of $180.90, and upon such remittitur being made entered judgment in his favor for the sum of $361.75.

The real dispute between the parties, and on which there was a sharp conflict in the evidence, relates to the wages which the plaintiff was to receive, his claim being that his contract was for $25 a week, with board, and expenses from Omaha to Wyoming and return, the defendants asserting that his contract entitled him to 40

cents an hour for the time actually employed. As we have said, the evidence upon this question was conflicting, and the issue was for the jury alone, there being ample evidence to submit it to their consideration. The fact that we might have found differently had the question been one for the court to determine does not warrant us in disturbing the verdict of the jury, there being evidence upon which that verdict may be fairly sustained.

It appears that the plaintiff had received from Jobst a much larger sum than is credited to him in "Exhibit D," as above set forth, and one of the contentions of the defendants is that the court should have directed a verdict for them upon such showing. Under the circumstances shown by the evidence, we do not think this contention can be supported. It is undisputed that, shortly after plaintiff commenced work, G. A. Johnson, the subcontractor by whom he was employed, met with an accident which disabled him from overseeing the work. On November 24, 1903, he gave the plaintiff written authority to take full charge of the work, to hire and discharge men, to keep their time, and report the labor done by them to Mr. Jobst, the general contractor, and to receive from him the money to pay for the time of the men as reported, and to receive for his own board $5 a week. The plaintiff accordingly, during the disability of his employer, kept the time of the other employees engaged on the painting contract, and received from Mr. Jobst the money to pay such employees for their services, and in this way a much larger amount was received by him than the sum necessary to pay for his own labor or board; but the excess over and above what he reported on his own account was, he testified, paid out to the other employees in accordance with the written authority given him by G. A. Johnson. In this way, if, as appears, the jury accepted his story, the excess money received by him is fully accounted for. In reporting the time of those employed on the painting contract his own time was included at the price of 40 cents an hour, and it is

insisted that he is estopped as against Mr. Jobst from claiming a larger amount than that shown by his own report. Relating to this, he testified that it was by direction of G. A. Johnson, his employer, that he reported his time at the rate of 40 cents an hour. The circumstances shown by the evidence make this statement reasonable. One clause of the agreement between G. A. Johnson and Jobst is in the following language: "The party of the first part (Jobst) also agrees to pay for all labor at the rate of 40 cents an hour for all painters employed, this to be paid semimonthly on the order of the party of the second part (G. A. Johnson) to painters employed, and charged to party of the second part as per order; the party of the second part to draw pay for his labor only at the rate of 20 cents an hour for every hour's work, balance when final payment is made." It will be seen that when Jobst sublet the contract for painting he agreed to advance money for the payment of laborers employed by G. A. Johnson at the rate of 40 cents an hour, such payment to be made semimonthly. As Johnson could only call upon Jobst for money for his employees to the extent of 40 cents an hour for the time they were employed, it is quite reasonable to suppose that he would direct Johnson not to include in his time reports a greater amount for his own services, although the contract between them might be for a larger sum. There is evidence tending to show that Jobst himself on one occasion paid the plaintiff at the rate of $25 a week, and he himself testified that plaintiff on leaving Fort McKenzie informed him that he had not been paid in full. Under these circumstances, if he settled with G. A. Johnson on the theory that plaintiff had been fully paid for his work, he did so, knowing that plaintiff was claiming the contrary, and he stands in no position to assert an estoppel against him.

The verdict of the jury is supported by sufficient evidence, and we recommend an affirmance of the judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.